UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSYE L. BROWN,

     Plaintiff,

v.                       CASE: 8:08-cv-88-T-33TGW

HILLSBOROUGH COUNTY SHERIFF'S
OFFICE[1] and TRINITY FOOD
SERVICE,

     Defendants.

_____/


**ORDER**

    The plaintiff was sexually assaulted and battered at Hillsborough County's Falkenburg Road Jail. She contends that defendant Hillsborough County Sheriff's Office, who employed the perpetrator, violated her civil rights by purportedly disregarding a high risk that this employee would commit such a crime.

---

    [1] The defendant states, in a footnote, that the plaintiff has sued the wrong entity (Doc. 49, p. 1, n.1). Thus, it argues that "the Sheriff's Office is not a legal entity and, as such cannot be sued" (id., citing White v. Santa Rosa County Sheriff's Office, 2008 WL 2117262 (N.D. Fla. 2008)). Rather, the proper defendant is the Sheriff in his official capacity. Id. However, the defendant proceeds to address the merits of the Fourth Amended Complaint. Since this case can be resolved on that basis, instead of a procedural basis which will further delay resolution of the matter, the defendant's substantive arguments are addressed herein.

The Hillsborough County Sheriff's Office has filed a Motion to Dismiss the plaintiff's Fourth Amended Complaint pursuant to Rule 12(b)(6), F.R.Civ.P., alleging that it fails to state a claim upon which relief may be granted. Construing the allegations in the light most favorable to the plaintiff, she has failed to allege a cognizable civil rights claim against the Hillsborough County Sheriff's Office. On August 20, 2008, this Court entered an order (Doc. 61) referring the motion to dismiss to Judge Wilson for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By this order, this Court withdraws its order of referral.

After due consideration, this Court grants Defendant Hillsborough County Sheriff's Office's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 58).

I.

The plaintiff, who is a black female, was employed by Trinity Food Services ("Trinity"), a contractor for the Hillsborough County Sheriff's Office (Doc. 51, ¶¶ 4, 7). In September 2006, the plaintiff was working as a production supervisor at the Falkenburg Road Jail (id., ¶¶ 7, 12).

On or about September 4, 2006, she was stopped in the jail by Randy Pratt, an employee of the Hillsborough County

Sheriff's Office (Doc. 51, ¶ 8).[2] Pratt asked her where she was going, to which she responded that she had just completed her work shift, and she was on her way home (id.). However, the plaintiff did not exit the jail immediately because it was raining (id.).

Pratt allegedly told the plaintiff that "she could step inside of a utility room in order to look out of the window and to monitor the weather" (id.). The plaintiff stepped inside the utility room (id.). Pratt then allegedly pushed her against a wall and shut the door (id.). The plaintiff asserts that Pratt held her in the utility room for twenty minutes, despite her pleas for release (id.). During that time Pratt "fondled the Plaintiff's breasts, hips and groin area" and kissed her (id.).

After Pratt released the plaintiff, she went home, but later reported the incident to her supervisors (id.). She was interviewed concerning the incident and completed an incident report, which she gave to Hillsborough County officials and Trinity managers (id., ¶¶ 9, 10).[3] The plaintiff asserts

---

[2] The plaintiff's complaint does not identify what position Pratt held with the Hillsborough County Sheriff's Office.

[3] Pratt was subsequently prosecuted criminally for his conduct and found guilty of sexual battery (see Doc. 51, n.1).

that, during one of her interviews, she was told that "Pratt had already been accused of harassing another female employee at another jail facility" (id., ¶ 12). It is alleged by the defendant that, after learning of Pratt's conduct, the Sheriff immediately terminated his employment.

The plaintiff returned to full duty work on September 6, 2006 (id., ¶ 13). She alleges that, upon returning to work, Trinity discriminated and retaliated against her with regard to her work conditions (id., ¶¶ 11-13). On or about December 26, 2006, Trinity terminated her employment.

The plaintiff filed a lawsuit against the defendants in January 2008, alleging against the Hillsborough County Sheriff's Office sexual harassment and against Trinity retaliation (Doc. 1). The complaint was subsequently amended several times (Docs. 12, 16, 51).

The Fourth Amended Complaint (Doc. 51) alleges against the Hillsborough County Sheriff's Office one cause of action titled "Deprivation of Rights Under Color of Law" (id., pp. 5-6). The thrust of the plaintiff's claim against the Hillsborough County Sheriff's Office, who was not her employer, is that its continued employment of Pratt showed a disregard for the risk of sexual assault and battery Pratt posed to females. It alleges against defendant Trinity

retaliatory discharge and disparate treatment (id., pp. 6-8).[4]

Both defendants subsequently filed Motions to Dismiss the plaintiff's Fourth Amended Complaint, arguing that it failed to state a claim upon which relief can be granted (Docs. 52, 58). The plaintiff filed memoranda in opposition to the motions (Docs. 60, 62). The Motions to Dismiss were referred to the Magistrate Judge for a report and recommendation (Docs. 53, 61).

Subsequently, the plaintiff and defendant Trinity stipulated to Trinity's dismissal from the case, and Trinity's Motion to Dismiss was denied as moot (Docs. 65, 66). Consequently, the only motion remaining for consideration is the Hillsborough County Sheriff's Office's Motion to Dismiss (Doc. 58).

II.

A complaint may be dismissed upon motion under Rule 12(b)(6), F.R.Civ.P., for "failure to state a claim upon which relief can be granted." Recently, the United States Supreme Court retired the standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

_____

[4] Although the operative complaint lists four counts, it identifies only three causes of action. The statement of facts is improperly identified as count I (see Doc. 51, p. 2).

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of a stricter pleading standard. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). Thus, although a complaint does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. <u>Id</u>. at 1964-65. Rather, factual allegations must be enough to raise a right to relief above the speculative level, based on the assumption that the allegations are true (even if doubtful in fact). <u>Id</u>. at 1965.

The Eleventh Circuit in <u>Watts v. Florida International University</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007)(citations omitted), summarized the principles established by <u>Twombly</u> as follows:

> The Supreme Court's most recent formulation of the pleading specificity standard is that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage" but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

The Eleventh Circuit made clear that it remains the law that on a Rule 12(b)(6) motion to dismiss, the pleadings are construed broadly, and the allegations in the complaint are viewed in the light most favorable to the plaintiff. 495 F.3d at 1295.

III.

As indicated, the plaintiff alleges that the Hillsborough County Sheriff's Office violated her civil rights pursuant to 42 U.S.C. 1983 (Doc. 51, pp. 5-6). Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

"It is well-established that section 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere." Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). Furthermore, where, as here, a municipality is involved, the doctrine of respondeat superior cannot form the basis of liability under §1983. Bd. of

County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403
(1997).   Thus,  the  Eleventh  Circuit  summarized  this  claim
(Wideman v. Shallowford Community Hosp., Inc., supra, 826 F.2d
at 1032 (citations omitted)):

> To  sustain  a  cause  of  action  based  on
> section  1983,  the  [plaintiff]  must
> establish two elements: (1) that [she]
> suffered   a   deprivation   of   "rights,
> privileges or immunities secured by the
> Constitution  and  laws"  of  the  United
> States, and (2) that the act or omission
> causing the deprivation was committed by
> a person acting under color of law....
>         When a local governmental entity is
> the subject of a section 1983 suit, the
> plaintiff bears an additional burden. To
> establish  the  liability  of  a  city  or
> county under section 1983, the plaintiff
> must    show    that    the    constitutional
> deprivation   resulted   from   a   custom,
> policy, or practice of the municipality.
> Moreover,  proof  of  a  single,  isolated
> incident   of   unconstitutional   activity
> generally  is  not  sufficient  to  impose
> municipal liability under Monell.

The plaintiff alleges that the Sheriff is liable under §1983
for "depriv[ing] the Plaintiff of her right[s] under ... The
Equal Protection Clause of the United States Constitution[,]
42 U.S.C. 1981, ... [and] Florida Common Law of Assault and
Battery" (Doc. 62, p. 2).   However, the plaintiff has failed
to establish that any of the claims underlying the plaintiff's
§1983 action is viable.

A.  First, as a matter of law, the state torts of assault and battery are not a cognizable basis for a §1983 claim. Thus, §1983 is a "remedy for deprivations of <u>federal rights</u>." <u>Wideman v. Shallowford Community Hosp., Inc.</u>, <u>supra</u>, 826 F.2d at 1032 (emphasis added).  In this connection, the Eleventh Circuit explained (<u>id</u>.):

> [S]ection 1983 imposes liability only "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." <u>Baker v. McCollan</u>, 443 U.S. at 146, 99 S.Ct. at 2695. It does not provide a remedy for "any and all injuries inflicted by persons acting under color of state law." <u>Washington v. District of Columbia</u>, 802 F.2d 1478, 1480 (D.C. Cir. 1986). Absent the existence of an underlying constitutional right, no section 1983 claim will lie.

<u>See</u> <u>also</u> <u>McCray v. Howard</u>, 285 Fed. App'x 689, 693 (11th Cir. 2008)(unpub. dec.)(with respect to conduct that may potentially constitute an intentional tort such as battery under state law, the "potential remedies for this conduct are in state court...not through the federal constitution under §1983").

In support of this claim, the plaintiff asserts, incorrectly, that the Eleventh Circuit held in <u>Ortega v. Schramm</u>, 922 F.2d 684 (11th Cir. 1991), that state claims of assault and battery were cognizable under §1983 (Doc. 62, pp.

2-3).  The plaintiff misapprehends this case.  <u>Ortega</u> holds that there is no affirmative grant of pendent party jurisdiction over state tort claims that grew out of the same common nucleus of facts as a §1983 claim that had been dismissed.  922 F.2d at 693.[5]  It does not hold that a state tort claim is cognizable under §1983.  Therefore, the plaintiff's §1983 claim based on violations of Florida tort law is not cognizable.

B.  The plaintiff also alleges as the basis for her §1983 claim the defendant's deprivation of her rights under 42 U.S.C. 1981 (Doc. 62, p. 2), which prohibits race-based discrimination.  <u>McDonald v. Santa Fe Trail Transp. Co.</u>, 427 U.S. 273 (1976).[6]  A §1983 claim can be premised upon a §1981

---

[5] Further, the plaintiff has misquoted <u>Ortega</u> (<u>see</u> Doc. 62, p. 3), and by mistyping the word "or" instead of the word "of" in the fourth sentence of the quotation it erroneously makes it appear that a deprivation of state law can form the basis of a §1983 claim.

[6] Section 1981 provides in pertinent part that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

violation. See Baker v. Birmingham Bd. of Ed., 531 F.3d 1336, 1337 (11th Cir. 2008). However, as the defendant argues (Doc. 58, p. 2), the claim is not cognizable in this instance because the plaintiff's complaint is devoid of allegations of race discrimination against the Hillsborough County Sheriff's Office.

Thus, the complaint's allegations of unlawful conduct against the Hillsborough County Sheriff's Office are based solely on gender (Doc. 51, p. 6, ¶¶ 16, 17)(identifying the protected class as "female" and alleging that the defendant knowingly subjected "female employees" to a high risk of sexual assault and battery). Such allegations are insufficient to state a §1981 claim. See Greer v. Birmingham Beverage Co., Inc., 291 Fed. App'x 943, 945(11th Cir. 2008)(unpub. dec.)("A claim under 42 U.S.C. § 1981 requires intentional race discrimination"); Rutstein v. Avis Rent-A-Car Systems, Inc., 211 F.3d 1228, 1235 (11th Cir. 2000)(the "critical element" of a §1981 claim is an intent to treat someone less favorably because of their race).

In the plaintiff's opposition memorandum, she asserts that the §1981 claim is viable because "the Defendant (HCSO)'s actions (*i.e.*, the assault and battery) constituted a 'badge

or incident of slavery'" (Doc. 62, p. 6).  However, an assault

or battery does not necessarily involve race discrimination.[7]

Moreover, the complaint does not contain allegations of a

policy or custom of intentional race discrimination by the

defendant, which is necessary to state a cognizable claim.

See Wideman v. Shallowford Community Hosp., Inc., supra, 826

F.2d at 1032 (to establish liability under section 1983, "the

plaintiff must show that the constitutional deprivation

resulted from a custom, policy, or practice of the

municipality").  Therefore, the plaintiff's §1983 claim based

on the defendant's violation of §1981 is not cognizable.[8]

C.  Finally, the plaintiff alleges as the basis for her

§1983 claim that the defendant violated her right to equal

---

[7] Further, the complaint does not allege a factual basis
for concluding that the perpetrator's conduct was motivated
by race, let alone that the defendant knew of any race-based
motivation.

[8] Underscoring this claim's lack of merit is the
plaintiff's contention that, "[i]n order for this honorable
court to ascertain whether the Plaintiff's [§1981 claim] has
credence, it must look to, among other sources, [this
country's] history" (Doc. 62, p. 7).  The plaintiff then
purports to give a history lesson (see id., pp. 6-9).
Similar to the viewpoint espoused by Magistrate Judge
Elizabeth Jenkins in Irvin v. Mister Car Wash, 2008 WL
4642286 (M.D. Fla. 2008), the court declines the plaintiff's
invitation to grapple with the history of racial oppression
in determining this motion to dismiss, which requires a court
to base its determination on the relevant factual allegations
contained in the complaint.  Grossman v. Nationsbank, N.A.,
225 F.3d 1228, 1231 (11th Cir.2000).

protection of the laws. <u>See</u> U.S. Const. Amend. XIV, §1 ("No State shall ... deny to any person within its jurisdiction the equal protection of the laws."). Specifically, the plaintiff contends that the defendant was deliberately indifferent to the high risk of sexual assault and battery Pratt posed to females, and that this deliberate indifference caused her harm.

It is well-established that "a municipality may not be held liable under §1983 solely because it employs a tortfeasor." <u>Bd. of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 403 (1997). Rather, as indicated, in order to impose §1983 liability on a municipality, the plaintiff must show she suffered a constitutional deprivation that was caused by a municipal "custom" or "policy." <u>McDowell v. Brown</u>, 392 F.3d 1283, 1289 (11th Cir. 2004).[9]

As best as can be discerned from the plaintiff's convoluted complaint, the plaintiff contends that the defendant had a purported custom of deliberate indifference

_____

[9] Although not raised by the defendant in its motion, it is noted that it is unclear whether there is a factual basis for the assertion that the perpetrator was acting under the color of state law when he committed the assault and battery of the plaintiff. <u>See</u> <u>Perez v. Miami-Dade County</u>, 168 Fed. App'x 338, 340 (11th Cir. 2006)(unpub. dec.)(The plaintiff in a §1983 civil rights action must show a deprivation of a "federal right by a person acting under color of state law.")

to the risk that Randy Pratt would commit sexual assault and battery against a female (Doc. 51, p. 6, ¶17). This contention is based on the defendant's continued employment of Pratt after "Defendant knew that ... Pratt had been accused of sexual harassment at other jail facilities" (id., p. 6).

"A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." Goebert v. Lee County, 510 F.3d 1312, 1332 (11th Cir. 2007). Thus, the unwritten practice must be "persistent and wide-spread." McDowell v. Brown, supra, 392 F.3d at 1290; see also Goebert v. Lee County, supra, 510 F.3d at 1332 (a widespread practice involves misconduct that is "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences" in order to constitute constructive notice to the policymaker of a need to remedy the condition).

Furthermore, based on the recent implementation of stricter pleading standards, a conclusory assertion that the defendant has a custom of deliberate indifference (Doc. 51, p. 6) is insufficient to maintain a §1983 claim. See Bell Atlantic Corp. v. Twombly, supra, 127 S. Ct. at 1964-65 (the plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action is insufficient to state a claim). Rather, the complaint must include factual allegations sufficient "to raise a right to relief above the speculative level, based on the assumption that the allegations are true." Id. at 1965.

The defendant argues meritoriously that the plaintiff failed to allege sufficient facts supporting the contention that it had a custom of deliberate indifference towards a risk of sexual battery and assault against females (Doc. 62). "Deliberate indifference" is a stringent standard of fault, which requires proof that a municipal actor disregarded a known or obvious consequence of his action. Bd. of County Comm'rs of Bryan County v. Brown, supra, 520 U.S. at 410. Here, the only factual basis for the plaintiff's claim is the vague allegation that "Defendant knew that ... Randy Pratt had been accused of sexual harassment at other jail facilities" (Doc. 51, p. 6, ¶ 17).[10]

Accepting as true the plaintiff's contention that some unidentified person (or persons) in the Sheriff's Office was aware that Pratt was accused of some unidentified harassment

---

[10] It is noted that, in her statement of facts, the plaintiff states that she was told that "Pratt had already been accused of harassing another female employee at another jail facility" (Doc. 51, p. 4). This suggests that the plaintiff is aware of only one other incident of harassment involving Pratt and that she does not know what the alleged harassment consisted of.

does not plausibly indicate that anyone in the Sheriff's office knew that "there was a very high risk that Randy Pratt would sexually assault a female employee." See <u>Bell Atlantic Corp. v. Twombly</u>, <u>supra</u>, 127 S. Ct. at 1965 ("the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). Thus, absent some factual context regarding the previous allegation of harassment against Pratt, such as what conduct Pratt was previously accused of, such a contention is mere speculation. See <u>Bd. of County Comm'rs of Bryan County v. Brown</u>, <u>supra</u>, 520 U.S. at 412 (culpability depends upon a finding that this officer was highly likely to inflict the particular injury suffered by the plaintiff).

Furthermore, the fourth amended complaint clearly fails to allege sufficient facts to raise above the speculative level the contention that the defendant had a custom of deliberate indifference towards a high risk of sexual assault or battery upon females. See <u>Bell Atlantic Corp. v. Twombly</u>, <u>supra</u>, 127 S. Ct. at 1965. Thus, the allegations regarding Pratt suggest, at best, an isolated incident, from which the existence of a widespread practice cannot plausibly be inferred. See <u>Goebert v. Lee County</u>, <u>supra</u>, 510 F.3d at 1332 (a widespread practice involves misconduct that is "obvious,

flagrant, rampant and of continued duration, rather than isolated occurrences").

In the plaintiff's opposition memorandum, she does not address this crucial deficiency. Rather, she seemingly changes her focus from the existence of a custom to the contention that "a single decision, action or deed of a municipality could constitute deliberate indifference necessary to create liability under §1983" (Doc. 62, p. 4, citing Bd. of County Comm'rs of Bryan County v. Brown, supra, 520 U.S. at 397). However, the plaintiff has failed to plead sufficient facts from which it could plausibly be inferred that the defendant is liable under §1983 for an isolated decision in this matter.

In Brown, the plaintiff alleged that the Sheriff was liable under §1983 for excessive force exerted against her by one of his police officers. 520 U.S. at 401. The plaintiff claimed that the municipality was liable for this conduct because the Sheriff failed to review the police officer's background prior to hiring him, which included convictions for assault and battery. Id. Since the Sheriff himself made the decision to hire this police officer (who was his nephew's son), it was stipulated that a policymaker made the hiring decision. Id. Thus, the issue presented in Brown was whether

a single decision by a <u>policymaker</u> with final authority constitutes a "policy" that could trigger municipal liability under §1983.  <u>Id</u>. at 401.[11]

<u>Brown</u> is inapposite because there is no allegation in this case that a policymaker with final authority even knew of the accusations against Pratt, let alone made a decision to continue his employment in the face of such accusations. Therefore, there is no basis for concluding in this case that a single decision is sufficient to find the Hillsborough County Sheriff's Office liable under §1983.

In sum, the plaintiff has failed to state a cognizable claim under §1983 for the violation of her Fourteenth Amendment right to equal protection of the laws because she has failed to allege sufficient facts from which it could plausibly be inferred that the defendant had a custom or policy that was the moving force behind the alleged constitutional violation.

D. For the foregoing reasons, the plaintiff's Fourth Amended Complaint does not state a cognizable claim against the Hillsborough County Sheriff's Office for violating 42 U.S.C. 1983.  This is the only cause of action alleged against

_____

[11] The Supreme Court held in <u>Brown</u> that the municipality was not liable because there was insufficient evidence of causation.  520 U.S. at 412-13.

the Hillsborough County Sheriff's Office and, therefore, this Court dismisses the Fourth Amended Complaint. Further, the circumstances of this case warrant dismissal of the complaint with prejudice. It is noted that the plaintiff has not requested an opportunity to file an amended complaint in the event that her Fourth Amended Complaint is dismissed. <u>See Wagner v. Daewoo Heavy Industries America Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002)(<u>en banc</u>). Nonetheless, this Court determines that any such attempt to amend would be futile and unduly prejudicial to the defendant.

Although under Rule 15(a), F. R. Civ. P., "the court should freely give leave when justice so requires," a motion to amend may be denied on numerous grounds, "such as undue delay, undue prejudice to the defendants, and futility of the amendment." <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000).[12] In sum, it would be inappropriate to allow the filing of another amended complaint in this case because such filing would be unduly prejudicial to the defendant and futile.

---

[12] Furthermore, before considering whether the amendment is proper under Rule 15(a), F.R.Civ.P., the plaintiff would have to first show good cause under Rule 16(b), F.R.Civ.P., for the amendment since such a request would be filed after the scheduling order's deadline for amendments (<u>see</u> Doc. 48). <u>Sosa v. Airprint Systems, Inc.</u>, 133 F.3d 1417, 1419 (11th Cir. 1998).

This action was filed more than one year ago. During this time, the plaintiff has filed four complaints in this case, and the defendant has expended substantial effort in filing responses to them. It is, furthermore, noted that the amendment deadline was months ago (see Doc. 46). Therefore, another amendment would unquestionably defeat the defendant's attempt to obtain a prompt resolution of the claims against it. See Rule 1, F.R.Civ.P. Another opportunity to amend is especially unwarranted here, where the plaintiff has been given more than ample opportunity to state a cognizable claim.

Additionally, another amended complaint would be futile. Thus, the deficiencies in the complaint are not mere technical errors. Further, there is no reason to believe that the plaintiff has information that would correct the substantive deficiencies. If she did, she would have been expected to include it, if not in her prior complaints, at least in her opposition memorandum.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1)   Defendant Hillsborough County Sheriff's Office's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 58) is **GRANTED.**

(2)  The plaintiff's Fourth Amended Complaint (Doc. 51) is
     dismissed with prejudice for failure to state a claim
     pursuant to Rule 12(b)(6), F.R.Civ.P.  The Clerk shall
     close this case.

     **DONE** and **ORDERED** in chambers, in Tampa, Florida, this
<u>18th</u> day of February 2009.

                          _____
                          VIRGINIA M. HERNANDEZ COVINGTON
                             UNITED STATES DISTRICT JUDGE


Copies:  All Counsel and Parties of Record